Shanna Sadeh
13951 N. Scottsdale Rd. #123
Scottsdale, AZ 85254
480-390-4443
doctorsadeh@insideoutadvocate.org

*Representing Self as Plaintiff, without a lawyer*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Shanna Sadeh,<br><br>    Plaintiff,<br><br>vs.<br><br>Paradigm Treatment Center, LLC et al.,<br>    Defendants. | No: 2:20-cv-01466-GMS<br><br>**PLAINTIFF'S MOTION TO SEAL** |

I, Plaintiff Shanna Sadeh, request that the Court seal the filings in this action and require the parties to keep confidential the private health information of nonparties shared in the course of litigation. Alternatively, I have prepared my First Amended Complaint and Notice of First Amended Complaint, which are attached as Exhibit A, and request that they be sealed if the Court denies my request to seal the entire case.

### Procedural History

I commenced this action in Maricopa County Superior Court, Arizona on June 23, 2020. I was advised by the filing clerk that I should file the Complaint and once a judge was assigned to the case, move to have the case sealed if I thought that was necessary. Defendant Paradigm Treatment Center, LLC ("Paradigm"), Defendant Chelsea Neumann,

M.D., and her private practice (Dr. Chelsea L. Neuman, M.D., Inc.) jointly removed my action to this Court on July 22, 2020. Paradigm moved to dismiss my claims on the grounds that the litigation privilege immunizes it from any liability on July 29, 2020. I sought consent from Paradigm's counsel to amend my Complaint and was denied on the grounds that litigation privilege barred my claims. I am filing my First Amended Complaint as a matter of course within 21 days after the motion to dismiss was served, pursuant to F.R.C.P. 15.

**Facts**

I am a psychologist with a private practice in Scottsdale, Arizona. I am on the Maricopa County Behavioral Health Roster and provide court-informed trauma-focused evaluation of and therapy to children whose families are involved in family court proceedings in Maricopa County. Defendants have accused me verbally and in writing of harming one of my patients ("Adolescent"). Adolescent's parents have been engaged in a high-conflict divorce and custody proceeding in Maricopa County Family Court since 2018. I began treatment of Adolescent in March 2019 and Adolescent was transferred to Paradigm for residential treatment in July 2019. Adolescent was discharged to my care on August 23, 2019. I asserted claims defamation per se, false light, and interference with business relations against Defendants and seek compensatory and punitive damages, and declaratory judgment that the Defendants' defamatory letter is false. To prove my claims and damages, I will need to present detailed evidence about (1) Adolescent and her parents' mental health in the form of medical records protected by HIPPA and patient-client privilege, (2) the ***confidential*** Family Court records for the parents' ***on-going***

2

litigation, (3) and *confidential* reports by Arizona Department of Child Safety and Scottsdale Police Department for *on-going* investigations into child abuse perpetrated against Adolescent. Notably, Adolescent and her parents are not parties to this lawsuit.

The Doe Family proceedings have been very dramatic with several emergency hearings and include allegations of past horrific abuse and risk for future abuse among family members. Father has reported fears that Mother will kill him (herself or by hire) to get Adolescent back; Mother has alleged she fears Father will kill Adolescent or her. Mother is suspected of having a very serious mental illness and is in the process of being forensically-evaluated for that illness. The Family Court proceedings are high-stake and involve risks for physical harm to self or others; the Department of Child Safety and Scottsdale Police Department are investigating abuse perpetrated against Adolescent. I am concerned that reasonable adversarial arguments in my case may inadvertently contribute to Doe Family members engaging in dangerous behaviors, or otherwise cause harm to Adolescent's emotional wellbeing.

### Legal Standard

The public has a general right to inspect judicial records, such that a party seeking to seal a judicial record must overcome "a strong presumption in favor of access." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). To do so, the party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure...." *Id.* at 1178-79 (internal quotation marks and citations omitted). The Court must then "conscientiously balance the competing interests of the public and the party who

seeks to keep certain judicial records secret." *Id.* at 1179 (internal quotation marks omitted). "After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* (internal quotation marks omitted).

The "stringent" compelling reasons standard applies to all filed motions and their attachments where the motion is "more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096, 1101 (9th Cir. 2016). A motion to seal the entire case or the First Amended Complaint is such a motion.

The need to protect medical privacy qualifies as a "compelling reason" that overcomes the presumption of public access to judicial records. *See G. v. Hawaii*, Civ. No. 08–00551, 2010 WL 2607483, at *1 (D.Haw. June 25, 2010); *Lombardi v. TriWest Healthcare Alliance Corp.*, CV 08–02381, 2009 WL 1212170, at *1 (D.Ariz. May 4, 2009) (allowing defendant to file under seal exhibits containing "sensitive personal and medical information") (citing *Kamakana*, 447 F.3d at 1179).

**Argument**

There are three reasons for sealing this case. First, as a licensed psychologist, I have an ethical duty to protect the dignity and privacy of my clients' information in accordance with the American Psychological Association's Ethical Principles of Psychologists and Code of Conduct, which requires me as follows:

> 3.04 Avoiding Harm: (a) Psychologists take reasonable steps to avoid harming their clients/patients, students, supervisees, research participants,

> organizational clients, and others with whom they work, and to minimize harm where it is foreseeable and unavoidable.
>
> 4.01 Maintaining Confidentiality: Psychologists have a primary obligation and take reasonable precautions to protect confidential information obtained through or stored in any medium, recognizing that the extent and limits of confidentiality may be regulated by law or established by institutional rules or professional or scientific relationship.

As my former clients, Doe Family deserves to have their mental health information kept confidential and for me to take reasonable steps to minimize harm to them. I assume Dr. Neumann has similar duties according to the code of ethics for psychiatrists, and that all parties have a shared interest in protecting the Doe Family's private information and do not want to cause them harm. Although de-identified or redacted documents may satisfy legal requirements for privacy, Adolescent and her parents are likely to recognize themselves in the federal filings, which could cause them distress or harm. Therefore, I am advocating for these proceedings to be sealed.

Second, I cannot adequately respond to Paradigm's Motion to Dismiss for failure to state a claim unless I amend my Complaint by adding more detailed private health information about the Doe Family and what happened during their treatment with me and Defendants. These additional facts will show that Defendants do not have immunity from liability. I have a lot of evidence to support my claims and the basis for denying Paradigm's motion to dismiss, yet my ethical responsibilities require that I protect the Doe Family as much as possible under the law. Sealing all or parts of this case allows for a reasonable and ethical litigation process for resolving my claims with Defendants.

Third, sealing the entire case serves judicial economy. Given the highly sensitive

information at the center of this case and the vulnerability of Adolescent and volatility of parents, it seems likely that I will have an ethical duty to file a motion to seal each time I file. I am willing to do so if that is what the Court prefers.

Finally, the Court may balance the public's right to know and Doe Family's right to privacy by allowing the public to continue to have access to my Complaint, which sets forth the factual basis and nature of my claims with less specific private health information about nonparties, and sealing all subsequent filings or only my First Amended Complaint and Notice of First Amended Complaint.

## Conclusion

The material facts of this case involve highly-sensitive mental health information about nonparties, including a minor child who is currently under the protection of the Department of Child Safety and a Best Interest Attorney in Maricopa County Family Court. Accordingly, I request that the Court order that this case is sealed and that parties' maintain confidentiality of the information shared in the course of litigation. Alternatively, I request that my First Amended Complaint and Notice of First Amended Complaint be sealed.

By: _____          8-10-2020
Shanna Sadeh                                  Date
13951 N. Scottsdale Rd. #123
Scottsdale, AZ 85254
480-390-4443
doctorsadeh@insideoutadvocate.org

*Representing Self as Plaintiff, without a lawyer*

## CERTIFICATE OF SERVICE

I hereby certify that on the __th day of August 2020, I hand delivered the following documents to the drop box for the U.S. District Court for the District of Arizona Clerk's Office located at the Sandra Day O'Connor U.S. Courthouse, 401 West Washington Street, Phoenix, Arizona: *Plaintiff's Motion to Seal*, attaching Exhibit A *First Amended Complaint* and *Notice of First Amended Complaint.*

I further certify that, with consent from counsel, I e-mailed a copy of the foregoing documents on the same date as follows:

- Michele G. Thompson at mthompson@udalllaw.com for Defendants Chelsea L. Neumann and Chelsea L. Neumann, M.D., Inc.
- Scott Ponce at Scott.Ponce@hklaw.com, Benjamin Taormina at Benjamin.Taormina@hklaw.com, David Bodney at BodneyD@ballardspahr.com, and David Arellanod at arellanod@ballardspahr.com for Defendant Paradigm Treatment Centers, LLC

By: _____          8-10-2020
Shanna Sadeh                                   Date
13951 N. Scottsdale Rd. #123
Scottsdale, AZ 85254
480-390-4443
doctorsadeh@insideoutadvocate.org

*Representing Self as Plaintiff, without a lawyer*