**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Shanna Sadeh, | No. CV-20-01466-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Paradigm Treatment Center LLC, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Shanna Sadeh's ("Sadeh") Motion to Seal, (Doc. 14), Defendant Paradigm Treatment Center, LLC's ("Paradigm") Motion to Dismiss, (Doc. 10), and Paradigm's Motion to Dismiss the First Amended Complaint, (Doc. 16). For the following reasons, Sadeh's Motion to Seal is denied, Paradigm's Motion to Dismiss is denied as moot, and Paradigm's Motion to Dismiss the First Amended Complaint is granted in part and denied in part.[1]

## BACKGROUND

This case arises from Sadeh and Defendants' involvement in a divorce and custody proceeding, which involves "Mother," "Father," and "Adolescent" (collectively, the "Doe Family"). (Doc. 15-1 ¶ 13.) The Family Court appointed Dr. Carol Mellen, Ph.D. ("Dr. Mellen") to serve as the court-appointed therapeutic interventionist for the Doe Family. *Id.*

---

[1] Sadeh requested oral argument. That request is denied because the parties have had an adequate opportunity to discuss the law and evidence and oral argument will not aid the Court's decision. *See Lake at Las Vegas Invs. Grp., Inc. v. Pac. Malibu Dev.*, 933 F.2d 724, 729 (9th Cir. 1991).

¶ 15.  Pursuant to her role, Dr. Mellen referred the Doe Family to Sadeh, a licensed psychologist, for Adolescent's individual therapy.  *Id.* ¶ 23.  In Adolescent's treatment, Dr. Mellen requested that Sadeh and another psychologist involved in the case find a residential program for Adolescent.  *Id.* ¶ 43.  On July 15, 2019, Adolescent began treatment with Defendant Paradigm, a youth treatment center.  *Id.* ¶ 45.

On August 29, 2019, following Dr. Mellen's recommendation to the court that Adolescent be discharged from Paradigm, Paradigm sent an email, with a letter attached (the "Letter"), to Sadeh and Dr. Mellen.  *Id.* ¶¶ 65, 69.  In the Letter, Defendant Chelsea Neumann ("Neumann"), Medical Director for Paradigm, stated that Sadeh was providing "unprofessional and psychologically harmful recommendations" to the Doe Family.  (Doc. 10-1).[2]  In early September 2019, Mother presented the Letter to the judge in her motion to remove Dr. Mellen and Sadeh from the case.  *Id.* ¶ 76.  The judge subsequently ordered Sadeh to stop providing services to Adolescent.  *Id.*

Sadeh brought suit against Defendants Paradigm, Neumann, and Chelsea Neumann, M.D., Inc. in state court.[3]  Sadeh alleges that statements contained in the Letter and other verbal statements made by Defendants constitute defamation, false light, and tortious interference.  Defendants subsequently removed the case to this Court.  On July 29, 2020, Paradigm filed its first motion to dismiss Sadeh's Complaint.  (Doc. 10.)  In response, Sadeh filed an Amended Complaint and a Motion to Seal the entire case, or in the alternative, her First Amended Complaint and notice of the First Amended Complaint. (Doc. 14.)  Paradigm subsequently filed its Motion to Dismiss the First Amended Complaint.  (Doc. 16.)  Neumann later joined in Paradigm's Motion to Dismiss the First Amended Complaint.  (Doc. 26.)

---

[2] Courts may consider documents attached to a motion to dismiss without converting the motion into one for summary judgment "if the attached document is: (1) central to the plaintiff's claim; and (2) undisputed."  *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002).  The Letter is referred to in the First Amended Complaint and is central to Sadeh's claims.  Therefore, the Letter may be properly considered in the context of the instant motion.

[3] On October 13, 2020, this Court dismissed Sadeh's claims against Chelsea Neumann, M.D., Inc.  (Doc. 27.)

**DISCUSSION**

### I.    Motion to Seal

#### a.  Legal Standard

It is well settled that the public has a common law right of access to judicial documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 n.7 (1978); *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1102 (9th Cir. 1999). "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon*, 435 U.S. at 597 n.7). Unless a court document "is one 'traditionally kept secret,''' such as grand jury transcripts or certain pre-indictment materials, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

To overcome this strong presumption, the party seeking to seal a record must "articulate [ ] compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Kamakana*, 447 F.3d at 1178–79 (internal citations and quotations omitted). The court must "balance[ ] the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* at 179 (internal citations and quotations omitted).

#### b.  Analysis

"A party who seeks to seal an *entire* record faces an even heavier burden" than a party seeking to seal a particular document. *Oliner v. Kontrabecki*, 745 F.3d 1024, 1026 (9th Cir. 2014) (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994). Sadeh has not met this high burden. Sadeh's general concern that "reasonable adversarial arguments" may "inadvertently contribute to Doe Family members engaging in dangerous behaviors"

or "cause harm to Adolescent's emotional wellbeing" does not outweigh policies favoring disclosure. (Doc. 14 at 3.); *see, e.g.*, *Haraszewski v. Knipp*, No. 2:13-cv-2494 DB P, 2016 WL 6766750, at *5 (E.D. Cal. Nov. 15, 2016) (reasoning that a generalized fear of retaliation was not enough to overcome the presumption in favor of public access); *Blow v. Bureau of Prisons*, No. 1:07-cv-01355-AWI-GSA-PC, 2010 WL 582047, at *1 (E.D. Cal. Feb. 12, 2010) (finding the plaintiff's concern that a gang member in prison could access the case and threaten his life to be too speculative to deny public access). Additionally, the concern that certain future filings will be confidential is not compelling enough to seal the entire case at the outset.

The Court does not find compelling reasons to seal the First Amended Complaint and its notice either. The First Amended Complaint and notice do not include identifying information for the Doe Family. Furthermore, the possibility that "Adolescent and her parents are likely to recognize themselves in the federal filings, which could cause them distress or harm" is too speculative to be compelling. (Doc. 14 at 5.) Accordingly, Sadeh's Motion to Seal is denied.

## II.   Motion to Dismiss

### a.  Legal Standard

To survive dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise the right of relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). When analyzing a complaint for failure to state a claim, "allegations of material fact are taken as true and construed in the light most favorable to the non-moving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).

### b.  Analysis

#### 1.  Defamation

As a *pro se* litigant, Sadeh's First Amended Complaint must be construed liberally. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of *pro se* litigants.") (citation omitted).  Although neither the Complaint nor Sadeh's briefing clearly indicates which statements, other than the Letter, Sadeh finds defamatory, Sadeh does allege the following:

> 70. In Fall 2019, Adolescent told Dr. Mellen and Lauren Day on separate occasions that Paradigm told her that I was not providing her appropriate treatment.
>
> . . .
>
> 72. Adolescent told Father in Spring 2020 that Paradigm showed her my summaries of clinical notes about Adolescent that I send [sic] to Ms. Heur.
>
> . . .
>
> 74. In early September 2019, I called Dr. Beaumont at Phoenix Children's hospital to consult about Adolescent's first medical appointment without Mother. Dr. Beaumont informed me that Dr. Neumann had called her and that she had heard "what happened" in this case.
>
> 75. . . . Dr. Neuman specifically noted that she informed Dr. Beaumont of "discharge recommendations including concerns regarding separation from mother and recommendations to continue gun safety monitoring while living with father."  Dr. Neumann also noted that she was continuing to communicate with Mother after Adolescent was discharged.
>
> . . .
>
> 106. Defendant told Mother verbally and in writing that Dr. Mellen and I wronged Mother, that Dr. Mellen and I were responsible for separating Mother from Adolescent, and that Dr. Mellen and I harmed Adolescent.

- 5 -

(Doc. 15-1 ¶¶ 70, 72, 74, 75, 106.)

Under Arizona law, a plaintiff asserting a claim for defamation must show (1) that the defendant made a false statement; (2) that the statement was published or communicated to someone other than the plaintiff; and (3) that the statement tends to harm plaintiff's reputation. *Godbehere v. Phx. Newspapers, Inc.*, 162 Ariz. 335, 341, 783 P.2d 781, 787 (1989); *see also Turner v. Delvin*, 174 Ariz. 201, 203–04, 848 P.2d 286, 288–89 (1993) ("To be defamatory, a publication must be false and must bring the defamed person into disrepute, contempt, or ridicule, or must impeach plaintiff's honesty, integrity, virtue, or reputation.").

Defendants argue that the allegation in paragraph 70 is a non-actionable opinion. (Doc. 16 at 11.) "Although defamation is primarily governed by state law, the First Amendment safeguards for freedom of speech and press limit state law." *Underwager v. Channel 9 Austl.*, 69 F.3d 361, 366 (9th Cir. 1995). Pure opinions are protected by the First Amendment while a statement that may "imply a false assertion of fact" is actionable. *Milkovich v. Lorain J. Co.*, 497 U.S. 1, 19 (1990). Therefore, the question is whether "a reasonable factfinder could conclude that the statement implies an assertion of objective fact." *Unelko Corp. v. Rooney*, 912 F.2d 1049, 1053 (9th Cir. 1990) (internal quotations omitted). The Ninth Circuit has "adopted a three-part test" as a "starting point" for this analysis: "(1) whether the general tenor of the entire work negates the impression that the defendant was asserting an objective fact, (2) whether the defendant used figurative or hyperbolic language that negates that impression, and (3) whether the statement in question is susceptible of being proved true or false." *Partington v. Bugliosi*, 56 F.3d 1147, 1153 (9th Cir. 1995) (citing *Unelko*, 912 F.2d at 1053). At this stage, it is at least plausible that the statement implies an assertion of objective fact. It is possible, for example, that guidelines for psychologists exist that provide a benchmark for judging the statement's accuracy. *See, e.g.*, *Turner*, 174 Ariz. at 207, 848 P.2d at 292 ("Unlike the word 'communist,' where the adherence to party doctrine can be used to evaluate the accuracy of the characterization[,] . . . Devlin's comments have no bench mark with which to judge

their accuracy.").  Accordingly, the statement in paragraph 70 is sufficient, at least at this stage, to state a defamation claim.[4]

The statements in paragraph 106 also plausibly constitute defamation.  Sadeh alleges that these statements are "malicious, reckless, unfounded accusations" and discusses in other portions of her First Amended Complaint why she believes she provided proper services to the Doe Family.  (Doc. 15-1 ¶ 106.)  Sadeh also alleges that Defendant communicated these statements to a third person, Mother, and alleges in her First Amended Complaint how statements about her professional abilities have hurt her career.

Paragraphs 72, 74, and 75, in and of themselves, however, fail to sufficiently allege defamatory statements.  The statement in paragraph 74 is too vague to constitute defamation.  For instance, Sadeh does not allege what is false about the statement.  The allegations in paragraphs 72 and 75 also are not defamatory because neither statement concerns Sadeh.  "[T]he burden rests on the plaintiff to [allege] that the publication was 'of and concerning' [her]."  *Hansen v. Stoll*, 130 Ariz. 454, 458, 636 P.2d 1236, 1240 (Ct. App. 1981).  Accordingly, to the extent Sadeh intended to rely on the statements in paragraphs 72, 74, and 75 to make out a defamation claim on their own, those statements are not sufficiently alleged.

## 2.  False Light Invasion of Privacy

In Arizona, false light invasion of privacy claims are defined by the Second Restatement.  *Godbehere*, 162 Ariz. at 342, 783 P.2d at 788 (1989) ("[W]e are persuaded to recognize the distinct tort of false light invasion of privacy as articulated by Restatement § 652E").  The Restatement provides:

> One who gives publicity to a matter concerning another that places the other before the public in a false light is subject to liability to the other for invasion of his privacy, if
>
> (a) the false light in which the other was placed would be highly offensive to a reasonable person, and

---

[4]  Defendants also argue paragraph 70's allegation fails because it does not identify who at Paradigm made the statement.  (Doc. 16 at 11.)  At the motion to dismiss stage, it is sufficient that Plaintiff alleged that Paradigm made the statement.

(b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed.

Restatement (Second) of Torts § 652E (1977).  A plaintiff may thus recover, even in the absence of reputational damage, as long as the publicity is unreasonably offensive and attributes false characteristics. *Godbehere*, 162 Ariz. at 341, 783 P.2d at 787.  "However, to qualify as a false light invasion of privacy, the publication must involve 'a major misrepresentation of [the plaintiff's] character, history, activities or beliefs,' not merely minor or unimportant inaccuracies." *Id.* (quoting Restatement (Second) of Torts § 652E (1977)).

Defendants' only argument, besides absolute privilege, for dismissing Sadeh's false light claim is that the false light standard requires that the published information relate to Sadeh's private matters; however, the standard includes no such requirement.  Therefore, Sadeh's First Amended Complaint, which alleges that the Letter mischaracterizes several aspects of her involvement with the Doe Family, plausibly states a claim for false light.

### 3.  Absolute Privilege

Defendants lay claim to an absolute litigation privilege.  Defendants explicitly disclaim reliance on the judicial immunity sometimes extended to agencies and businesses that provide reports and information to courts that regulate child welfare or make child custody determinations. *See, e.g., Lavit v. Superior Court,* 173 Ariz. 96, 839 P.2d 1141 (App. 1992) (extending absolute judicial immunity to a psychologist who conducted child custody evaluation for the court).

The absolute litigation privilege is extended to those who are involved in litigation—that is it "protects judges, parties, lawyers, witnesses and jurors." *Green Acres Tr. v. London*, 141 Ariz. 609, 613, 688 P.2d 617, 621 (1984).  To invoke the privilege "*special emphasis must be laid on the requirement that it [statement] be made in furtherance of the litigation and to promote the interests of justice." Id.* at 614, 622. It is not clear that the Defendants here would be witnesses in the custody battle between the

underlying parties, nor is it clear that the statements at issue made by the Defendants were made in furtherance of the litigation.  The statements may have had to do with the treatment, overseen by the court, that the child was receiving pending the custody decision. But it is not clear that Defendants' comments about Sadeh's treatment would weigh in the custody decision to be made in the litigation.  Such statements seem better evaluated within the scope of judicial immunity than within the litigation privilege. Further there may be questions about the mode and timing of the statements that call into question either judicial immunity or an absolute litigation privilege. *Adams v. State,* 185 Ariz. 440, 447, 916 P.2d 1156, 1163 (App. 1995) (declining to extend judicial immunity to adoption caseworkers); *Griggs v. Oasis Adoption Services, Inc.,* 241 Ariz. 71, 383 P.3d 1145 (App. 2016) (declining to extend judicial immunity to an adoption agency that sent a letter to the Court containing allegedly defamatory information).

It is appropriate to evaluate a claim of absolute litigation privilege in the context of a motion to dismiss "if the facts establishing the occasion for the privilege appear in the pleadings." *Green Acres*, 141 Ariz. at 613, 688 P.2d at 621.  That is not the case here. Accordingly, Paradigm's motion to dismiss Sadeh's claims on the grounds of absolute litigation privilege is denied.

## CONCLUSION

For the reasons provided above, the Court denies Sadeh's request to seal the case, or in the alternative, the First Amended Complaint and its notice.  Additionally, Paradigm's Motion to Dismiss the First Amended Complaint is granted in part and denied in part. Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiff Shanna Sadeh's Motion to Seal (Doc. 14) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant Paradigm Treatment Center, LLC's Motion to Dismiss (Doc. 10) is **DENIED** as **moot.**

**IT IS FURTHER ORDERED** that Paradigm's Motion to Dismiss the First Amended Complaint (Doc. 16) is **GRANTED** in part and **DENIED** in part as follows:

1. Paragraphs 72, 74, and 75 in the First Amended Complaint fail to sufficiently allege defamatory statements in and of themselves.

2. The remainder of Paradigm's Motion is denied.

Dated this 10th day of December, 2020.

G. Murray Snow
Chief United States District Judge