IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shanna Sadeh,<br><br>            Plaintiff,<br><br>v.<br><br>Paradigm Treatment Center LLC,<br><br>           Defendant. | No. CV-20-01466-PHX-GMS<br><br>**ORDER SETTING FINAL PRETRIAL CONFERENCE** |

Pursuant to Rule 16(e) of the Federal Rules of Civil Procedure, a Telephonic[1] Final Pretrial Conference shall be held on **February 18, 2022 at 2:30 p.m.** Defense counsel shall arrange for a conference call and disseminate the call-in information to all parties, including the Court, no later than **February 10, 2022**. In preparation for this Final Pretrial Conference,

**IT IS HEREBY ORDERED:**

1. The attorneys who will be responsible for the trial of the case shall attend the Final Pretrial Conference. Counsel shall bring their calendars so that trial scheduling can be discussed.

---

[1] To avoid challenges posed by the use of cell phones, headsets or other devices, the parties are directed to utilize landlines for the Telephonic Pretrial Conference to enable clear communication with the Court and accurate transcription by the Court Reporter.

2. The parties jointly shall prepare a Proposed Final Pretrial Order and shall lodge it with the Court no later than **4:00 p.m.** on **February 4, 2022**. Preparation and lodging of the Proposed Final Pretrial Order in accordance with the requirements of this Order shall be deemed to satisfy the disclosure requirements of Rule 26(a)(3) of the Federal Rules of Civil Procedure. The parties shall submit a copy of the Proposed Final Pretrial Order to the Court in Word format by email to snow_chambers@azd.uscourts.gov.

3. The Proposed Final Pretrial Order shall include the information prescribed in the Joint Proposed Final Pretrial Order form found at www.azd.uscourts.gov under Judges and Courtrooms and Orders, Forms and Procedures. Information shall not be set forth in the form of a question, but shall be presented in concise narrative statements.

4. The Court will not allow the parties to offer any exhibit, witness, or other evidence that was not disclosed in accordance with the provisions of this Order and the Federal Rules of Civil Procedure and listed in the Proposed Final Pretrial Order, except to prevent manifest injustice.

5. The parties shall exchange drafts of the Proposed Final Pretrial Order no later than **14 days** before the submission deadline. The Plaintiff(s) shall have the burden of initiating communications concerning the Proposed Final Pretrial Order.

6. The parties shall (a) number and mark exhibits in accordance with the instructions found in Exhibit Marking Instructions at www.azd.uscourts.gov under Judges and Courtrooms and Orders, Forms and Procedures (such numbers shall correspond to exhibits numbers listed in the Proposed Final Pretrial Order); (b) meet in person and exchange marked copies of all exhibits to be used at trial no later than **14 days** before the submission deadline for the Proposed Final Pretrial Order (any exhibit not marked and exchanged at this meeting shall be precluded at trial); and (c) eliminate any duplicate exhibits while meeting to exchange exhibits.

7. The parties shall file and serve all motions in limine no later than **February 4, 2022**.[2] Responses to motions in limine shall be filed on or before **February 11, 2022**.

---

[2] Pursuant to LRCiv 7.2(l) "[n]o opposed motion in limine will be considered or

Each motion in limine shall include proposed language for the order in limine being sought from the Court, and the proposed language shall state with precision the evidence that is subject to the proposed order and the limitation or exclusion placed on the evidence. Each party will be limited to five (5) motions. The motions and responses must be concise and shall not exceed three (3) pages in length. No replies shall be filed. Counsel shall be prepared to argue the merits of such motions at the Final Pretrial Conference.

8. If this case will be tried to a jury, the parties shall complete the following tasks by the time of the lodging of the Proposed Final Pretrial Order:

(a) The parties shall file with the Clerk of Court a stipulated description of the case to be read to the jury.

(b) The parties shall jointly file with the Clerk of Court a proposed set of voir dire questions. The voir dire questions shall be drafted in a neutral manner. To the extent possible, the parties shall stipulate to the proposed questions. If the parties have any disagreement about a particular question, they shall state the reason for their objection below the question. (Took out the below from this paragraph and modified it)

(c) The parties shall file with the Clerk of Court separate Lists of Witnesses listing only the names/titles of each witness. The parties are reminded to comply with the content to be included in the actual listing of witnesses within the Proposed Final Pretrial Order which is separate from the Lists of Witnesses being filed with the Clerk of Court.

(d) The parties shall be prepared to discuss with the Court the availability of VTC accommodations for witness testimony during trial. Due to limited access, VTC requests may not be available.

(e) The parties shall file with the Clerk of Court proposed jury instructions in accordance with "Guidelines for Jury Instructions in Civil Cases" found at www.azd.uscourts.gov under Judges and Courtrooms and Orders, Forms and Procedures.

---

decided unless moving counsel certifies therein that the movant has in good faith conferred or attempted to confer with the opposing party or counsel in an effort to resolve disputed evidentiary issues that are the subject of the motion."

   (f) Each party shall file with the Clerk of Court a proposed form of verdict, including any proposed special verdict forms or juror interrogatories.

   (h) The joint statement of the case, proposed voir dire questions, proposed jury instructions, lists of witnesses and forms of verdict shall be submitted in Word format by email to snow_chambers@azd.uscourts.gov.

9. If the case will be tried to the Court, each party shall lodge proposed findings of fact and conclusions of law with the Proposed Final Pretrial Order. The proposed findings of fact and conclusions of law shall also be submitted in Word format by email to snow_chambers@azd.uscourts.gov.

10. The parties shall be prepared to advise the Court at the Telephonic Final Pretrial Conference of the status of settlement discussions. Should settlement be reached at any time, the parties promptly shall file a Notice of Settlement with the Clerk of the Court.

11. Counsel shall review Judge Snow's statement of Trial Conduct and Decorum before the Final Pretrial Conference. A copy can be found on the Court's website at www.azd.uscourts.gov under Judges and Courtrooms and Orders, Forms and Procedures.

12. Full and complete compliance with this Order shall be required by the Court.

Dated this 27th day of December, 2021.

*G. Murray Snow*
G. Murray Snow
Chief United States District Judge